# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **G.K.**

**No. 19-0027** (Monongalia County 18-JA-118)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.K., by counsel Richard M. Gutmann, appeals the Circuit Court of Monongalia County's December 4, 2018, order adjudicating him to be an abusing parent.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Diane D. Michael, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court lacked subject matter jurisdiction and, therefore, erred in adjudicating him as an abusing parent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2018, the DHHR filed a petition alleging that petitioner engaged in domestic violence in the presence of G.K., failed to provide the child with financial support, and abandoned the child. In October of 2018, the DHHR amended the petition and included allegations that petitioner was charged with aggravated battery against the mother while she was pregnant in 2012.[2] The DHHR alleged that G.K. remembered incidents of domestic violence between petitioner and the mother and recalled that petitioner "smashed her mom's head into a mirror, breaking the mirror and making her face bleed." Petitioner waived his preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]According to the record, this unborn child perished as a result of this abuse.

1

Later in October of 2018, the circuit court held an adjudicatory hearing. The DHHR presented testimony consistent with the amended petition. The mother testified that petitioner had not provided the child with any emotional support since November of 2016. Further, the mother testified that, prior to April of 2016, petitioner scheduled three visits with G.K., but did not appear for those visits. The mother testified that petitioner was violent toward her during their relationship, which resulted in the loss of an unborn child. The mother explained that the criminal charges against petitioner were later dismissed because she failed to appear for the hearing. Petitioner testified that he attempted to have contact with the child, but was not successful. He further testified that he paid $135.00 in child support every month by personal check. Ultimately, the circuit court adjudicated petitioner as an abusing parent by virtue of "significant domestic violence in the home while the child was present and alcohol consumption in the presence of the child." The circuit court's decision was memorialized by its December 4, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court lacked subject matter jurisdiction and, therefore, erred in adjudicating him as an abusing parent. Specifically, petitioner argues that the circuit court's finding that there was significant domestic violence was based on evidence of domestic violence that occurred in Florida. Petitioner asserts that a West Virginia circuit court does not have subject matter jurisdiction over such allegations. We disagree and find petitioner is entitled to no relief.

Subject matter jurisdiction was conferred upon the circuit court by state law. The child G.K. is a resident of West Virginia, and West Virginia Code § 49-1-105(a) provides that the

---

[3]The mother stipulated to adjudication and is participating in an improvement period. According to the parties, the permanency plan for the child is reunification with her biological parents pending the successful completion of their respective improvement periods.

purpose of Chapter 49 laws – including the abuse and neglect provisions – is to "provide a system of coordinated child welfare and juvenile justice services for the children of this state." Moreover, the venue statute West Virginia Code § 49-4-601(a) directs that if the DHHR believes a child is abused or neglect, the DHHR may file a petition in the "circuit court in the county in which the child resides" or "in which the custodial respondent or other named party abuser resides, or in which the abuse or neglect occurred." This Court has routinely held that "[a] circuit court has jurisdiction to entertain an abuse and neglect petition and to conduct proceedings in accordance therewith as provided by [West Virginia Code § 49-4-601]." Syl. Pt. 3, *State ex rel. Paul B. v. Hill*, 201 W. Va. 248, 496 S.E.2d 198 (1997) (holding that the circuit court properly exercised jurisdiction by entertaining an abuse and neglect petition and "ensur[ing] the safety and well-being of the . . . children"). Further, this Court noted in *In re K.R.* that a circuit court's determination that it lacked jurisdiction to hear evidence regarding out-of-state abuse and neglect allegations was "without a proper basis in law or fact." 229 W. Va. 733, 747, 735 S.E.2d 882, 896 (2012). "[T]he perceived obstacle of the allegations taking place out-of-state did not necessarily preclude a finding, by clear and convincing evidence, of abuse and neglect . . . ." *Id.* In accordance with the statutes and rules governing abuse and neglect proceedings, the circuit court considered evidence of whether the child was an abused or neglected child and whether petitioner's conduct constituted abuse or neglect of that child. West Virginia Code § 49-1-201 provides that an abused child is "[a] child whose health or welfare is being harmed or threatened by . . . [a] parent . . . who knowingly or intentionally inflicts, [or] attempts to inflict . . . physical injury or *mental or emotional injury*, upon the child." (Emphasis added). Additionally, West Virginia Code § 49-1-201 defines an abusing parent as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition." In this case, the DHHR presented evidence that petitioner participated in domestic violence in the child's presence. The evidence also showed that the child remembered this violence and described some details of the violent acts. The DHHR proved that petitioner participated in violent acts against the child's mother and those acts threatened the child's mental and emotional state. Petitioner did not dispute this evidence at the adjudicatory hearing or on appeal nor does he assert that he remedied these conditions in any way. Accordingly, we find that the circuit court properly exercised subject matter jurisdiction and did not err in adjudicating petitioner as an abusing parent.

Finally, because the matter concerning the parents is ongoing in the circuit court, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 4, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison